IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEE JORDAN<br>10115 Flora Ave<br>Cleveland, Ohio 44120<br><br>        Plaintiff,<br><br>        v.<br><br>SAFE CHOICE, LLC<br>11811 Shaker Boulevard #415<br>Cleveland, Ohio 44120<br><br>    PLEASE ALSO SERVE<br>    STATUTORY AGENT<br>    Anita Spencer<br>    3012 Keeswick<br>    Cleveland, OH 44120<br><br>    -and-<br><br>ANTHONY SPENCER<br>11811 Shaker Boulevard #415<br>Cleveland, Ohio 44120<br><br>    -and-<br><br>ANITA SPENCER<br>11811 Shaker Boulevard #415<br>Cleveland, Ohio 44120<br><br>        Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Lee Jordan, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

## PARTIES

1. Plaintiff Lee Jordan is a resident of the city of Cleveland, Cuyahoga County, state of Ohio.

2. At all times herein, Jordan was acting in the course and scope of his employment.



The Employee's Attorney.™

3. Defendant Safe Choice, LLC is a domestic limited liability company, with its principal place of business located at 11811 Shaker Boulevard #415, Cleveland, Ohio 44120.

4. At all times material to the Complaint, Safe Choice operated a security company that placed employees in and throughout Cuyahoga County in the state of Ohio.

5. At all times material to the Complaint, Safe Choice was an "enterprise" within the meaning of 29 U.S.C.A § 203(r), in that they performed activities in connection with the operation of a security company, and were engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

6. During all times material to this Complaint, Safe Choice was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) and R.C. § 4111.03(D).

7. During all times material to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

8. Defendant Anthony Spencer is a resident of the state of Ohio

9. At all times herein, Anthony Spencer was acting in the course and scope of his employment.

10. Anthony Spencer is, and at all times hereinafter mentioned, was an individual who was a manager and/or owner at Safe Choice and who acted directly or indirectly in the interest of the Safe Choice in relation to its employees.

11. During all times material to this Complaint, Anthony Spencer supervised and/or controlled Jordan's employment with Defendants, and acted directly or indirectly in the interest of the Defendants in relation to their employees, and was an employer within the meaning of section 3(d) of the FLSA.



12. At all times relevant to Jordan's claims against the Defendants, Anthony Spencer had control over the day to day operations of Safe Choice, to include how Defendants paid Jordan.

13. Defendant Anita Spencer is a resident of the state of Ohio.

14. At all times herein, Anita Spencer was acting in the course and scope of her employment.

15. Anita Spencer is, and at all times hereinafter mentioned, was an individual who was a manager and/or owner at Safe Choice and who acted directly or indirectly in the interest of the Safe Choice in relation to its employees, and is an employer within the meaning of R.C. § 4112.01(A)(2).

16. During all times material to this Complaint, Anita Spencer supervised and/or controlled Jordan's employment with Defendants, and acted directly or indirectly in the interest of the Defendants in relation to their employees, and was an employer within the meaning of section 3(d) of the FLSA.

17. At all times relevant to Jordan's claims against the Defendants, Anita Spencer had control over the day to day operations of Safe Choice, to include how Defendants paid Jordan.

## JURISDICTION & VENUE

18. This court has federal question jurisdiction pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

19. This Court has personal jurisdiction over the Safe Choice because it is a Limited Liability Company that is registered to conduct business in this District, and at all times material to the allegations contained herein, each conducted substantial business in this District and had sufficient minimum contacts within this District.

20. This Court has personal jurisdiction over Anthony Spencer and Anita Spence because at all times relevant to the claims against the Defendants, they maintained control, oversight, and direction over the operation of Safe Choice, including their employment practices.



21. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Jordan's Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact and are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

22. All material events alleged in this Complaint occurred in Cuyahoga County.

23. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391, because it is the district court for the district, division, and counties within the Defendants operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

24. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

25. More than 180 days have passed since Jordan filed his formal Charge of Discrimination with the EEOC in Agency Charge No. 532-2017-00680 ("Jordan EEOC Charge of Discrimination").

26. On August 22, 2017, the EEOC issued and mailed a Dismissal and Notice of Rights letter regarding the Jordan EEOC Charge of Discrimination.

27. Jordan has received a Dismissal and Notice of Rights letter from the EEOC, in accordance with 42 U.S.C. 2000e-5(f)(1), which is attached hereto as Exhibit 1.

28. Jordan has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

29. Jordan has filed this Complaint within 90 days of the issuance of the Dismissal and Notice of Rights letter.

## FACTS

30. Jordan is a former employee of Safe Choice.

31. Safe Choice hired Jordan on or around December of 2016.

32. Jordan worked for Safe Choice as an armed security officer.



33. Jordan was a non-exempt employee, and subject to the minimum wage and overtime requirements of the FLSA and the Ohio Wage Law.

34. During all times relevant to this Complaint, Jordan regularly worked in excess of (40) hours per workweek.

35. Throughout his employment, Defendants permitted or suffered Jordan to work hours outside of his scheduled hours of work, in excess of forty hours per week.

36. Throughout his employment, Defendants required Jordan to respond to calls and text messages while he was off the clock.

37. Throughout his employment, Defendants required Jordan to attend training sessions for his job while Jordan was off the clock.

38. Throughout his employment, Defendants permitted or suffered Jordan to pick up extra shifts causing Jordan to work up to 15 additional hours in excess of his regularly scheduled (40) hours per workweek.

39. The work Jordan performed after hours was greater than *de minimis*, and primarily for the benefit of Defendants.

40. Jordan was not compensated for all hours he worked in excess of (40) in a given week.

41. Jordan is a homosexual male.

42. On or about February 12, 2017, Jordan's coworker, Darlene Carter, made the following comment to him: "Why are you praying to God, He don't like gays?" ("Carter Homophobic Comment").

43. Jordan reported the Carter Homophobic Comment to his manager, Anita Spencer who did not address the comment.

44. On February 12, 2017, another coworker, Raven Wood, witnessed the Carter Homophobic Comment.



45. After Wood witnessed the Carter Homophobic Comment, he tried to engage in a physical fight with Jordan.

46. Jordan reported Carter Homophobic Comment to his manager, Anthony Spencer.

47. Jordan reported to Anthony Spencer that Wood attempted to fight him because of his sexual orientation.

48. On or about February 28, 2017, Defendants removed Jordan from his normal work location.

49. On or about March 1, 2017, Jordan received a harassing phone call from an unknown number.

50. On or about March 1, 2017, Jordan received a threatening voicemail stating "there's no skinny fags allowed at Rainbow Terrace," or something to that effect ("March 1, 2017 Homophobic Voicemail").

51. The Rainbow Terrace referenced in the March 1, 2017 Homophobic Voicemail was the location that Jordan was reassigned to work by Defendants.

52. Jordan reported receiving the March 1, 2017 Homophobic Voicemail to Anthony Spencer.

53. Jordan reported receiving the March 1, 2017 Homophobic Voicemail to Anita Spencer.

54. Jordan experienced fear and emotional distress as a result of being verbally and physically threatened.

55. After Jordan reported the March 1, 2017 Homophobic Voicemail, Anthony Spencer told Jordan to "go get a lawyer."

56. Jordan requested to be assigned to another location due to the threatening phone call he received.

57. Defendants refused to assign Jordan to another location, thereby terminating his employment.

58. On March 1, 2017, Defendants terminated Jordan.

59. On March 1, 2017, Jordan was terminated due to his gender and sexual orientation.

60. On March 1, 2017, Jordan was terminated in retaliation of his report of the discrimination he endured on the basis of his gender and sexual orientation.



61. As a result of being terminated unlawfully by Defendants, Jordan suffered severe emotional distress.

62. As a result of being harassed, experiencing discrimination, and being wrongfully terminated on the basis of his gender and sexual orientation, Jordan suffered severe emotional distress.

63. As a result of Defendants' conduct, Jordan suffered physical illness and emotional distress.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

64. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. During all times material to this Complaint, Plaintiff was not exempt from receiving minimum wage under the FLSA because, *inter alia*, he was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

66. During all times material to this Complaint, Defendants violated the FLSA with respect to the Plaintiff by, *inter alia*, failing to compensate him at time-and-one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

67. During all times material to this complaint, Defendants knew that Jordan was not exempt from the overtime obligations imposed by the FLSA. Defendants also knew that they were required to pay Jordan at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendants willfully withheld and failed to pay the minimum wage and overtime compensation to which Jordan was entitled.

68. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.



69. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II : VIOLATION OF THE OHIO WAGE ACT

70. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

72. During all times material to this Complaint, Safe Choice was a covered employer required to comply with the Ohio Wage Act's mandates.

73. During all times material to this Complaint, Plaintiff was a covered employe entitled to individual protection of Ohio Wage Act.

74. Defendants violated the Ohio Wage Act with respect to Plaintiff by, *inter alia*, failing to compensate Plaintiff for all hours worked, failing to pay Plaintiff the minimum wage, and failing to pay the Plaintiff overtime.

75. In violating the Ohio Wage Act, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT III: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2 *et seq.*

76. Jordan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

77. Jordan is a member of a statutorily protected class based on his sexual orientation under the CRA 42 U.S.C. § 2000e-2 *et seq*.

78. Defendants treated Jordan differently than other similarly situated employees based on his sexual orientation.



79. Defendants discriminated against Jordan on the basis of his sexual orientation throughout his employment with the company.

80. Jordan is a homosexual male.

81. Defendants terminated Jordan's employment without just cause.

82. Defendants terminated Jordan's employment based on his sexual orientation.

83. Defendants violated 42 U.S.C. § 2000e-2 *et seq.* by refusing to apply company policies equally for both homosexual and heterosexual employees.

84. Defendants violated 42 U.S.C. § 2000e-2 *et seq.* by failing to take remedial or corrective action in response to Jordan's complaints about the Carter Homophobic Comment.

85. Defendants violated 42 U.S.C. § 2000e-2 *et seq.* by failing to take remedial or corrective action in response to Jordan's complaints about a coworker threatening to engage in a physical fight with Jordan.

86. Defendants violated 42 U.S.C. § 2000e-2 *et seq.* by failing to take remedial or corrective action in response to Jordan's complaints about the March 1, 2017 Homophobic Voicemail.

87. Defendants violated 42 U.S.C. § 2000e-2 *et seq.* by treating Jordan differently than other similarly situated employees based on his sexual orientation.

88. Defendants violated 42 U.S.C. § 2000e-2 *et seq.* by removing Jordan from his regular job site and placing him at a new assignment.

89. Defendants violated 42 U.S.C. § 2000e-2 *et seq.* by refusing to relocate Jordan from the Rainbow Terrace job assignment in response to the threat in the March 1, 2017 Homophobic Voicemail.

90. Defendants' discrimination against Jordan based on his sexual orientation violates 42 U.S.C. § 2000e-2 *et seq.*

91. As a direct and proximate result of Defendants conduct, Jordan suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.



## COUNT VI: RETALIATORY DISCRIMINATION

92. Jordan restates each and every prior paragraph of this complaint, as if it were fully restated herein.

93. As a result of the Defendants' discriminatory conduct described above, Jordan complained about the sexual orientation discrimination he was experiencing.

94. Subsequent to Jordan's reporting of sexual orientation discrimination to his employer, Jordan was terminated.

95. Subsequent to Jordan's reporting of sexual orientation discrimination to his employer, Jordan was reassigned to a new job site.

96. Subsequent to Jordan's reporting of sexual orientation discrimination to his employer, Defendants failed to apply their disciplinary policies consistently based on the sexual orientation of an employee.

97. Subsequent to Jordan's reporting of sexual orientation discrimination to his employer, Defendants refused to relocate Jordan to a job site that was safe for Jordan.

98. Defendant's actions were retaliatory in nature based on Jordan's opposition to the unlawful discriminatory conduct.

99. Pursuant to 42 U.S.C. § 2000e-3 it is an unlawful discriminatory practice "It shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter…"

100. As a direct and proximate result of Defendants' retaliatory discrimination against and termination of Jordan, he suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF



WHEREFORE, Plaintiff Lee Jordan demands from Defendants the following:

(a) Awarding to Plaintiff unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Plaintiff such other and further relief as the Court deems just and proper;

(d) An award against Defendants of compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(e) An award of punitive damages against Defendants in an amount in excess of $25,000;

(f) An award of reasonable attorneys fees and non-taxable costs for Plaintiff's claims as allowable under law;

(g) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever;

(h) An award of the taxable costs of this action; and

(i) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

 /s/ *Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: chris.wido@spitzlawfirm.com



## JURY DEMAND

Plaintiff Lee Jordan demands a trial by jury by the maximum number of jurors permitted.

    /s/ *Chris P. Wido*
Chris P. Wido (0090441)

